IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>ALBERTO GONZALEZ,<br><br>*Defendant.* | Case No. 17-10127-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Alberto Gonzalez's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 40). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. In addition, he seeks release to help care for his mother. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.     Factual and Procedural Background**

On November 29, 2017, Defendant pleaded guilty to possession of a firearm in furtherance of drug trafficking crime, in violation of 18 U.S.C. § 924(c). On February 16, 2018, Defendant was sentenced to 96 months' imprisonment.

Defendant is 43 years old, and he is currently incarcerated at Englewood FCI. There have been 19 positive cases in the facility in which Defendant is housed, and no inmates have died.[1] Currently, there are five active inmate cases, 11 active staff cases, and 22 pending inmate tests. Defendant's projected release date is September 16, 2024.

On July 2, 2020, Defendant, proceeding pro se, filed a Motion for Compassionate Release (Doc. 37). On October 22, 2020, Defendant, now represented by counsel, filed a Motion to Reduce Sentence due to the risk of contracting COVID-19. He states that due to the underlying health conditions of obesity and pre-diabetes, he is more susceptible to complications from COVID-19. Defendant also states that he needs to take care of his extremely ill mother. He proposes that he serves a three-year home confinement as part of his five-year supervised release term and serve the remaining two years as originally ordered.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited November 17, 2020).

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5]  Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

### III. Analysis

Defendant seeks early release based on the spread of COVID-19 in prison and his underlying health conditions of obesity and pre-diabetes that make him more susceptible to serious

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

health complications. He also seeks release to help take care of his ill mother. The government asserts that Defendant is not an appropriate candidate for early release.

**A.     Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden on August 31, 2020. Confirmation of that request was received the next day. As of October 22, 2020, the date Defendant's new motion was filed, Defendant had not received a response from the Warden. The government also admits that Defendant meets the exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

**B.     Extraordinary and Compelling Reasons**

Defendant asserts two reasons that warrant his early release from prison. The Court will address each in turn. In this case, neither reason is sufficient.

*1.     Health Conditions*

Defendant next asserts that his medical conditions of obesity and pre-diabetes, coupled with the outbreak of COVID-19 in Englewood FCI, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). One condition, obesity, is listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19.[7] In addition, the government concedes that per Department of Justice ("DOJ") policy and CDC guidance, Defendant's medical condition of obesity in the context of the COVID-19 pandemic constitutes an extraordinary and compelling reason. The government

---

[7] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited November 17, 2020).

contends, however, that Defendant's underlying conditions of obesity and pre-diabetes can be managed.  In addition, the government asserts that when balanced with the § 3553(a) factors, Defendant fails to demonstrate a situation so severe that release is warranted.

Although the Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, he does not show a high risk.  There is no widespread outbreak at Englewood FCI in which Defendant is housed.  Indeed, there are only five active inmate cases and 11 active staff cases.  Furthermore, the BOP has implemented procedures to control outbreaks.  Concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[8]  Accordingly, Defendant does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

*2.    Family Reasons*

Family circumstances can sometimes establish an extraordinary and compelling reason warranting release.  Specifically, the "family circumstances" application note to § 1B1.13 provides that an extraordinary or compelling reason may exist for a reduction in sentence due to "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."[9]  Here, Defendant does not seek

---

[8] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.")).

[9] U.S. Sentencing Guidelines Manual, § 1B1.13, Application Notes, 1(C)(ii).

release to take care of a spouse or a partner but rather his mother. Thus, Defendant's circumstances do not fall into the family circumstances reason.

Furthermore, even if the Court was inclined to find that caring for an incapacitated parent constitutes an extraordinary and compelling reason,[10] Defendant fails to demonstrate to the Court that he is the only caregiver.[11] Defendant states that his sister has been performing this duty but is now unable to do so because she was recently hospitalized for an anxiety attack. Defendant, however, fails to provide any evidence to the Court of his sister's continued inability to care for their mother. Furthermore, Defendant does not provide any evidence of his mother's incapacitation and need for a caregiver. Thus, although the Court is sympathetic to Defendant's family circumstances, Defendant's assertion that his mother may need additional caregiver help does not constitute an extraordinary and compelling reason warranting release in this case.

**C.   Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[12] Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford

---

[10] *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding that an extraordinary and compelling reason warranting compassionate release existed because the defendant was the *only* available caregiver for his ailing mother).

[11] *Id.*; *United States v. Nevers*, 2019 WL 7281929, at *6 (E.D. La. 2019) (distinguishing the facts in the case from *Bucci* because the defendant did not demonstrate that she was the only potential caregiver for her mother). *See also United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio 2019) (finding that the family circumstances of aging and sick parents do not constitute extraordinary and compelling circumstances warranting compassionate release).

[12] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[13]

Defendant pleaded guilty to the offense of possession of a firearm in furtherance of a drug trafficking crime. The investigation into this offense involved three controlled purchases of methamphetamine from Defendant. When a search warrant was executed on his home, six firearms were found along with a significant amount of methamphetamine. The sentencing guideline range was 60 months to life. The Court found that the nature and circumstances of the offense, the history and characteristics of Defendant, and the need to reflect the seriousness of the offense and afford adequate deterrence warranted a 96-month sentence.

At this point, Defendant has served approximately three years, which is less than half of his sentence. The Court remains convinced that 96 months is the appropriate sentence. Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment. The Court finds that the 96-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved. Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 37) is **DENIED AS MOOT**.

---

[13] 18 U.S.C. § 3553(a).

-8-

IT IS FURTHER ORDERED that Defendant's Motion for Compassionate Release (Doc. 40) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 19th day of November, 2020.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

Case 6:17-cr-10127-EFM   Document 43   Filed 11/19/20   Page 8 of 8

-8-